HARDCASTLE ET AL. *v.* DAVIS.

5-1767                                            320 S. W. 2d 930

Opinion delivered February 9, 1959.

[Rehearing denied March 16, 1959.]

*W. E. Phipps,* for appellant.

*Bobbie Jean Farabee,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellants, Ed Hardcastle and Mike Akel, to require the

appellee, Amanda Beatrice Davis, to remove fences that she has erected in what are asserted to be public alleys in Block 22, Choctaw Addition to North Little Rock. The city intervened in behalf of the plaintiffs. The chancellor found that the long-continued use of the alleys has been merely permissive and accordingly dismissed the complaint and intervention for want of equity.

Block 22 is bounded on the west by Buckeye Street and on the north by East Broadway. Mrs. Davis's residential lot fronts on Buckeye Street, at about the middle of the block, and is 100 feet in depth. Its rear boundary abuts the Hardcastle lot, which fronts on East Broadway and is nearly 150 feet in depth. Thus the Davis lot and the Hardcastle lot form an "L" around the property at the northwest corner of the block. Akel's duplex apartment is two doors east of the Hardcastle property and need not be described in detail.

One of the alleys in question runs along the southern boundary of the Davis lot and continues across the back of the Hardcastle property, where it comes to a dead end. The other alley lies along the western boundary of Hardcastle's lot and extends from East Broadway back to the alley first mentioned. When Mrs. Davis bought her lot in 1957 she immediately placed fences along her eastern and southern boundaries, which lie approximately along the center lines of the alleys.

In our opinion the evidence preponderates against the chancellor's finding that the public use of these alleys or driveways has been permissive. The Davis property was formerly owned by a man named Woods. Hardcastle testified that when Woods inclosed the lot many years ago he deliberately set his fences back six feet from his eastern and southern boundaries to provide for the alleys, "with the understanding that it would be used for the public." This testimony is strongly corroborated by the undisputed fact that the fences and hedges remained in that original position for some twenty-five or thirty years, until Mrs. Davis's purchase in 1957.

For twenty-eight years before the trial Hardcastle sold minnows from a vat in his backyard. His customers constantly used the alleys in driving in and out. Over a period of at least ten years the city kept the alleys in repair, putting chat on them from time to time. The city's garbage trucks have used these ways since 1939 to make collections within the block. The city police have tagged cars for parking there. There are utility poles and a sewer line in the alley that runs east and west. Thus it is shown with little or no dispute that the alleys were used as such, that they had the outward appearance of alleys, and that along the two sides of the Davis lot they were bounded by fences set back from the property line.

The cases relied upon by the appellee, such as *Boullioun* v. *Constantine,* 186 Ark. 625, 54 S. W. 2d 986, and *LeCroy* v. *Sigman,* 209 Ark. 469, 191 S. W. 2d 461, are not in point, for they dealt with land that was unimproved or uninclosed. In the *LeCroy* case, for example, we observed: "There is no evidence that the owners of adjoining buildings set their buildings back or made any allowance for this alleged alley." Here the situation is just the opposite.

The case at hand is controlled by our holding in cases like *McGill* v. *Miller,* 172 Ark. 390, 288 S. W. 932, where we said: "The line of the alley was marked by the fences and a barn along the south line, which constituted an invitation to the public to use it as an alley. It is true that the use originated as a permissive right and not upon any consideration, but the length of time which it was used without objection is sufficient to show that use was made of the alley by the owners of adjoining property as a matter of right and not as a matter of permission. In other words, the length of time and the circumstances under which the alley was opened were sufficient to establish an adverse use so as to ripen into title by limitation." Accord: *Kirby* v. *City of Harrison,* 202 Ark. 1, 148 S. W. 2d 666; *Magnolia Petroleum Co.* v. *Langford,* 213 Ark. 746, 212 S. W. 2d 22.

The appellants sought to recover damages resulting from the obstruction of the alleys, but their proof is insufficient to establish their claims. Hardcastle says that his business has declined, but since his customers could still enter his lot by using driveways from East Broadway on both sides of his house we doubt if the loss of business was attributable to the erection of the fences by Mrs. Davis. Akel testified that he lost a month's rent owing to the departure of a tenant, but again we are not persuaded that a causal connection existed.

Reversed.

McFADDIN, J., dissents.